IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:06cr387

LAMONT E. MCCORD

**ORDER**

This matter is before the Court on the defendant's *pro se* Letter Motion (ECF No. 151). It is hereby ORDERED that the Clerk shall file the document, if not already filed, as a Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act of 2018.

Section 603(b) of the First Step Act amended the compassionate release provisions of § 3582(c). See Pub. L. 115-391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)). Under the compassionate release provisions, a sentencing court may reduce a defendant's sentence if (1) "extraordinary and compelling reasons" warrant a reduction; or (2) the defendant is at least 70 years old, has served at least 30 years of his or her sentence, and the Director of the Bureau of Prisons determines that the defendant does not pose a danger to the safety of any other person or the

community.[1]  18 U.S.C. § 3582(c)(1)(A)(i)-(ii).[2]

It is further ORDERED that:

(1) The Clerk is directed to appoint the Federal Public Defender to represent the defendant with respect to the defendant's eligibility for relief pursuant to Section 603(b) of the First Step Act; if a conflict prevents the Federal Public Defender from representing the defendant or if the defendant declines representation by the Federal Public Defender, the Federal Public Defender must notify the Court by written notice within five (5) days of entry of this Order;

(2) If the defendant is eligible for relief, counsel for the defendant shall file a Motion for Compassionate Relief Pursuant to Section 603(b) of the First Step Act ("Motion for Compassionate Release") no later than fifteen (15) days from the entry of this Order. Although the defendant is initially responsible for providing any supporting medical records, the United States

---

[1] According to the Bureau of Prison's website, the defendant is currently scheduled to be released on September 5, 2029.

[2] Section 603(b) of the First Step Act amended § 3582(c) to allow a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts, however, "have waived the administrative exhaustion requirements . . . where circumstances warrant." United States v. Jones, No. 3:11-cr-249-MHL (E.D. Va. Apr. 3, 2020).

2

Attorney's Office, in coordination with the Bureau of Prisons, shall assist the defendant in obtaining any appropriate medical records. The Motion for Compassionate Release shall state whether the defendant has exhausted his administrative remedies with respect to his or her request for compassionate release;

(3) If, after a conscientious review of the defendant's case, counsel for the defendant finds the request for relief frivolous, counsel for the defendant file a motion to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), accompanied by "a brief referring to anything in the record that might arguably support" the client's claim for relief;

(4) Within fifteen (15) days from the date of entry of this Order, the United States Probation Office is directed to provide the Court with a copy of the defendant's Presentence Report.

Further, within fifteen (15) days from the filing date of the Motion for Compassionate Release or the Motion to Withdraw, the United States Probation Office is directed to file its position on the defendant's Motion for Compassionate Release. The Probation Office's time for responding is measured from the filing of the defendant's Motion for Compassionate Release or Motion to Withdraw. In all instances the Probation Office shall state whether it believes the Motion for Compassionate Relief should be granted or denied;

(5) Within fifteen (15) days of the filing of defendant's Motion for Compassionate Release or the Motion to Withdraw, the United States Attorney's Office shall file its response and explain its position regarding the defendant's motion and requested relief. The United States' time for responding is measured from the filing of the defendant's Motion for Compassionate Release or Motion to Withdraw. In all instances the United States shall file a response stating whether it believes the Motion for Compassionate Release should be granted or denied and explain the grounds for its position. The response must further provide the following information:

    a. The defendant's currently-projected date of release;

    b. Status of the defendant's educational and vocational training, if any;

    c. Status of any treatment for substance abuse or physical or mental health;

    d. The defendant's post-sentencing conduct, including the defendant's compliance with the rules of the institution(s) in which the defendant has been incarcerated; and

    e. Any relevant considerations of public safety.

Additionally, if the Motion for Compassionate Release is not opposed, the United States shall promptly contact the United States Probation Office, Richmond Division and notify it of this fact so that the Probation Office may make the appropriate arrangements.

4

(6) If the defendant disagrees with the response of the United States, the defendant shall file a reply to the United States' response within five (5) days of the date that the response is filed.

The Clerk is directed to send a copy of this Order to all counsel of record, to the United States Probation Office, Richmond Division, and to the defendant.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 1, 2020