IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:06-cr-00387-REP-2 |
| | ) |
| LAMONT E. MCCORD, | ) |
| | ) |
| *Defendant.* | ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018**

Defendant LAMONT E. MCCORD seeks to lower his sentence under Section 404 of the First Step Act, which extends the Fair Sentencing Act of 2010 to defendants who were sentenced before August 3, 2010. The United States addresses below (a) the procedures that apply to motions under § 404 for a sentence reduction; and (b) the defendant's eligibility for such a reduction. While the defendant is eligible for relief, the Court should deny the defendant's motion on discretionary grounds.

**I.   Factual Background of Defendant's Prosecution**

In 2002, the defendant, LAMONT E. MCCORD, was part of a loose-knit conspiracy selling crack, powdered cocaine and heroin on the Southside of Richmond. (PSR ¶ 22). The group functioned as a drug-dealing co-op, with members selling drugs to the community and themselves, and some members brokering sales for others. *Id*. For his part, the defendant, a heroin user himself, was responsible for distributing at least 80 grams of heroin. *Id*.

One of the defendant's drug-dealing associates, Megel Morris, suspected that a third associate of theirs, Michael Simmons, had set up Morris to be robbed by an unidentified individual during a drug deal. (PSR ¶ 24). In retaliation, Morris asked several people to murder Simmons, and arranged to obtain an untraceable firearm. *Id*. MCCORD agreed, and on October 7, 2002, met Simmons at his house under the pretense of purchasing heroin. Once inside the house, the defendant shot Simmons two times in the head and two times in the neck with a .45 caliber handgun, killing him. (PSR ¶¶ 23 and 26).

Both Megel Morris and MCCORD were indicted as coconspirators for their roles in the above crimes. Defendant MCCORD eventually pleaded guilty on September 24, 2007, to all three counts in the superseding indictment pending against him. Count One charged him with Conspiracy to Distribute Cocaine Hydrochloride, Heroin, and Cocaine Base, in violation of 21 U.S.C. §§ 846. Count Two, charging him with Use of a Firearm in Furtherance of a Drug Crime Causing the Death of Another, in violation of 18 U.S.C. §§ 924(c), 924(j), and 2. Count Three charged him Conspiracy to Use and Carry a Firearm in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(o). The Court sentenced the defendant to 360 months' incarceration on Count One, consecutive to 180 months' incarceration on Count Two, and 240 months' concurrent on Count Three, for a total of 540 months' incarceration. The Court later reduced that sentence to 324 months.

## II. Overview of the First Step Act Legal Framework

The procedural framework that applies to motions under § 404 is defined by 18 § 3582(c)(1)(B). Section 3582(c)(1)(B) provides that a "court may not modify a

term of imprisonment once it has been imposed except that—(1) in any case— . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise *expressly permitted by statute. . . .*" Because § 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences, eligible defendants may seek to reduce their sentences under § 3582(c)(1)(B). District courts in the Fourth Circuit and elsewhere have correctly concluded that § 3582(c)(1)(B) provides the procedural mechanism for implementing § 404. *See, e.g., United States v. Fountain*, 2019 WL 637715, *2 (W.D.N.C. Feb. 14, 2019); *United States v. Jackson*, 2019 WL 613500, *1 (W.D.Va. Feb. 13, 2019); *United States v. Copple*, 2019 WL 486440, *2 (S.D. Ill. Feb. 7, 2019); *United States v. Drayton*, 2019 WL 464872, *2 (D. Kan. Feb. 6, 2019).

Notably, proceedings under § 3582(c) allow a limited "modification" of a sentence, not a *de novo* resentencing. In keeping with those limited proceedings, under Fed. R. Crim. P. 43(b)(4), a defendant's presence is not required when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Likewise, the Supreme Court has held that a "modification" of a sentence does not constitute a *de novo* resentencing. *See, e.g., Dillon v. United States*, 560 U.S. 817, 825 (2010) ("The language of § 3582(c)(2) belies Dillon's characterization of proceedings under that section. By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission.").

Section 404(b) of the First Step Act substantively specifies that a court "*may*" in its discretion "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." But § 404(c) adds that "[n]o court shall entertain a motion" for such relief if a defendant's "sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." Section 404(c) of the Act also expressly provides that any relief is discretionary: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

**III. Defendant is Eligible for Relief Under § 404 of the First Step Act to Defendant**

MCCORD is eligible for relief. In *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019), the Fourth Circuit explained that determining what is a covered offense for purposes of the First Step Act turns on (A) whether the penalties of a federal criminal statute the defendant violated were modified by the Fair Sentencing Act; or (B) whether the amount of drugs involved in a defendant's offense conduct exceeded the new thresholds set forth in the Fair Sentencing Act. In *United States v. Gravatt*, 953 F.3d 258, 259 (4th Cir. 2020), the Fourth Circuit further held that a person convicted of a dual-object drug conspiracy that included cocaine base—like the defendant here—is eligible for relief under the First Step Act. Because the penalties for the defendant's statute of conviction were reduced

under the Fair Sentencing Act of 2010 from ten years to life down to a maximum of 40 years' incarceration, the defendant is eligible for relief.

As noted above, sentence reductions under § 404 of the First Step Act are discretionary.  Furthermore, while the rules applicable to sentencing reductions under Section 3582(c)(2) are not controlling in the context of a motion under Section 404 of the First Step Act, those procedures may be informative to a court when exercising its discretion under the First Step Act.  Even during prior rounds of sentence reductions pursuant to § 3582, the Fourth Circuit confirmed that a district court is not *required* to grant relief.  *See United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000).  *See also United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

### IV.　This Court Should Deny Defendant's Motion as a Matter of Discretion

Eligible though he may be, this Court should nonetheless deny defendant's motion.  The nature of the defendant's crimes is reason enough to justify the Court exercising its discretion and denying the defendant's motion.  And yet, there are even more reasons than that.  Prior to his conviction in this case, the defendant racked up a significant criminal history involving multiple convictions for drug distribution and firearms offenses.  Since his conviction, his disciplinary record in prison, while not horrendous, has done little to calm concerns that he will pose a danger to the community should he be released.

Title 18, United States Code, Section 3142(g) discusses several factors a court should consider in assessing whether a defendant poses a danger to the community. Those factors include:

(1) the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a minor victim;

(2) the weight of the evidence against the defendant;

(3) the defendant's history and characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*See* 18 U.S.C. § 3142(g). Here, each of the factors weighs towards finding that the defendant poses a danger to the community.

*Nature and Circumstances of the Offense:*

The seriousness of the defendant's cold-blooded murder of Michael Simmons is a point that does not require belaboring.

*Weight of the Evidence:*

The defendant pled guilty to the offense, and admitted to the stipulated facts supporting his plea. The weight of the evidence against him is uncontested.

*Defendant's History and Characteristics:*

The defendant's crimes were not an isolated incident. By the time of his conviction in this case, the defendant had earned for himself 21 criminal history points and classification as having a Criminal History Category of VI. (PSR, Worksheet C). Some of the highlights of his criminal history include the following.

In 1992, at age 18, he was convicted in Henrico County Circuit Court for Possession of Cocaine. (PSR ¶ 39). Later in 1992, he was convicted in Richmond City Circuit Court for Possession with Intent to Distribute Cocaine and Conspiracy to Distribute Cocaine. (PSR ¶ 45). When Richmond police arrested the defendant for these offenses they found a 9mm semiautomatic pistol on the floorboard of the car where he had been sitting before running from the police. (*Id*.) In 1995, the defendant was convicted in Richmond City Circuit Court for Possession with Intent to Distribute Cocaine and Carrying a Firearm After Having Been Convicted of a Felony. (PSR ¶ 47). In 2007, stemming from conduct unrelated to his offenses of conviction in this case, the defendant was convicted in United States District Court for the Eastern District of Virginia, case number 3:06-cr-264, for Possession of a Firearm by a Convicted Felon. (PSR ¶ 58).

Since entering BOP custody, the defendant has had several disciplinary infractions, some of which have been serious. A copy of his disciplinary record is included as Exhibit 1. Presented in reverse chronological order, on June 26, 2014, he was disciplined for possessing drugs/alcohol. On December 27, 2011, he was found guilty of possessing drugs/alcohol. On October 4, 2011, he was found guilty of possessing a dangerous weapon that he hid in his knee brace. On February 10, 2011, he was found guilty of phone abuse/disrupting phone monitoring by using another inmates phone to speak with an unknown person.

## V. Conclusion

The Court should refrain from exercising its discretion to grant defendant's motion. The defendant pleaded guilty to drug conspiracy charges and murdering an associate, Michael Simmons, at the request of his coconspirator. His criminal history prior to his offense of conviction was significant, and his prison disciplinary record afterward is concerning. Public safety concerns about the defendant augur against any such early release.

Most importantly, reducing the defendant's sentence would fail to fully account for the harm the defendant inflicted upon Michael Simmons, his victim, or the harm caused to Simmons's family. Full justice calls for the defendant to serve his full remaining sentence. The defendant's motion should be denied.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _/s/ Brian R. Hood_
Brian R. Hood
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, VA 23219
Telephone: (804) 819-5400
Email: brian.hood@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **June 18, 2020**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record.

>Respectfully submitted,
>
>G. ZACHARY TERWILLIGER
>UNITED STATES ATTORNEY
>
>By: _/s/ Brian R. Hood_
>Brian R. Hood
>Assistant United States Attorney
>United States Attorney's Office
>919 East Main Street, Suite 1900
>Richmond, VA 23219
>Telephone: (804) 819-5400
>Email: brian.hood@usdoj.gov