IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:06-cr-00387-REP-2 |
| | ) |
| LAMONT E. MCCORD, | ) |
| | ) |
| *Defendant.* | ) |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE DENIAL OF MOTION FOR COMPASSIONATE RELEASE AND MOTION FOR EXPEDITED RULING

COMES NOW, the United States of America, by and through its representatives, Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, and Brian R. Hood, Assistant United States Attorney, as directed by the Court's Order (ECF No. 184), responding in opposition to the defendant's *pro se* Motion for Reconsideration of Memorandum Order Denying My Motion for Compassionate Release (ECF No. 176) (hereafter "Motion to Reconsider"), and *pro se* Letter Motion to Expedite Ruling (ECF No. 183). As explained below, while the defendant has in fact satisfied the exhaustion requirement under the 18 U.S.C. § 3582(c)(1)(A), the defendant's filing of a notice of appeal divested this Court of jurisdiction to hear his motion for relief. And in any event, if the Court were to have jurisdiction to hear the defendant's claim then this Court should deny that claim on the merits.

## RESPONSE

### I. The District Court Does Not Have Jurisdiction to Hear Defendant's Motion to Reconsider and Motion for Expedited Ruling.

In response to the Court's Order (ECF No. 177) regarding defendant's Motion to Reconsider, on October 6, 2020, the defendant filed a Statement of Undisputed Facts (ECF No. 178), and on October 9, 2020, he filed a Memorandum (ECF No. 180) regarding the question of exhaustion under 18 U.S.C. § 3582(c)(1)(A). Prior to the government filing a response, the defendant filed a Notice of Appeal (ECF No. 181) on October 22, 2020.

Ordinarily the defendant's filing of a notice of appeal divests the district court of jurisdiction to hear the case. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982); *United States v. Montgomery*, 262 F.3d 233, 239-40 (4th Cir. 2001). Under this basic rule, when the defendant filed his October 22, 2020 Notice of Appeal on the Court's Order denying his motion for compassionate release, the Court was divested of jurisdiction to hear further argument on that claim. There are a few exceptions to this basic rule of divesture where "dual jurisdiction" is created. That said, none of those exceptions apply here.

One such exception relates to a defendant's claim that prosecution is barred based on principles of double jeopardy. This type of situation, referred to as an *Abney* appeal pursuant to *Abney v. United States*, 431 U.S. 651 (1977), involves the defendant taking an interlocutory appeal after the district court has denied his motion to dismiss an indictment on double jeopardy grounds. When the district court certifies that the double jeopardy claim is frivolous, the district court may

conduct a trial while the double jeopardy appeal is pending. *See, e.g., United States v. Modanlo*, 762 F.3d 403, 408 (4th Cir. 2014) (citing *United States v. Montgomery*, 262 F.3d 233, 240 (4th Cir. 2001)).

Another general exception is found in Fed. R. Crim. P. 37(a), entitled "Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal." Rule 37 provides that if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. As written, Rule 37(a) does not appear to grant the district court jurisdiction to hear the same question for which the defendant has filed a notice of appeal.

Given this, it does not appear that the Court has jurisdiction to hear additional arguments on the defendant's Motion for Compassionate Release, Motion to Reconsider, and Motion for Expedited Ruling. Assuming this analysis on jurisdiction is incorrect, however, the government provides below a substantive response to the Court's questions regarding exhaustion of administrative remedies.

**II.    Defendant Has Satisfied the 30-Day "Exhaustion" Period.**

The central question undergirding the Court's briefing Order (ECF No. 177) in response to the defendant's Motion to Reconsider was whether the defendant has satisfied the exhaustion requirement for administrative remedies as defined in 18 U.S.C. § 3582(c)(1)(A). The government agrees that the Court's analysis of what defines exhaustion of administrative remedies prior to seeking judicial relief is

correct as a general matter. It is the Department of Justice's position, though, that the language of 18 U.S.C. § 3582(c)(1)(A) provides alternative methods for satisfying the exhaustion requirement. In this case, the defendant has satisfied at least one of those alternative methods.

Section 3582(c)(1)(A) states that a defendant may seek compassionate release from a court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever* is earlier." 18 U.S.C. § 3582(c)(1)(A)(emphasis added). The plain language of this provision provides that there are two ways in which a defendant may satisfy the exhaustion requirement, and a defendant may file a motion with a district court after "whichever" of the two ways to exhaust is completed "earlier."

The first avenue requires not only submitting a request to the warden, but also completing "all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." In other words, under this provision, it is not enough for a defendant simply to receive a denial from the warden of the defendant's request. Rather, the defendant must complete "all" administrative rights to appeal. See, e.g., 28 C.F.R. § 571.63 (specifying when a decision by BOP on compassionate release constitutes a final administrative decision).

The second way that a defendant may satisfy the exhaustion requirement is that a defendant may file a motion in district court after "the lapse of 30 days from

the receipt of such a request by the warden of the defendant's facility." Because the exhaustion requirement in § 3582(c)(1)(A) is satisfied by two alternative means, and an inmate may file "whichever" of these two means is completed first, a defendant may rely on the 30-day period even if the administrative appeals process is not complete. It can readily happen, therefore, that a defendant may not have completed the administrative appeals process by the time the 30-day period elapses. In that situation, the statutory exhaustion requirement will be complete upon the completion of the 30 days, but that does not mean that a court is compelled to act at that point.

While the text of § 3582(c)(1)(A) does not prohibit a defendant from filing in court as soon as the 30 days have expired from the request to the warden—and a court could act at that point on the motion—a court would be still fully entitled, in its discretion, to permit the administrative process to be completed and receive the benefit of that evaluation. Indeed, the administrative process should provide a court with valuable information—either if BOP ultimately agrees with the inmate's request or if BOP concludes that the request is unwarranted. BOP may also consider not only compassionate release, but also home confinement under 18 U.S.C. § 3624(c), a form of relief that only BOP may grant.

As reflected in the government's Response in Opposition (ECF No. 166), defendant submitted a request for compassionate release to the warden of his institution on May 12, 2020, which the warden denied on June 4, 2020 (ECF No. 166-1). On June 8, 2020, the defendant submitted to the warden another request

for administrative remedy. (ECF No. 178-2). On June 9, 2020, defendant filed his original Motion for Compassionate Release (ECF No. 161). On July 6, 2020, the defendant filed a letter Motion for Compassionate Release. (ECF No. 170). On July 10, 2020, the warden denied the defendant's second, June 8, 2020 request for administrative remedy. (ECF No. 178-2). On August 18, 2020, the defendant filed a Motion for Reconsideration of the Court's Order (ECF No. 175) denying his Motion for Compassionate Release (ECF No. 161), which Order was issued on June 9, 2020.

Review of such a choppy timeline of overlapping threads of administrative and judicial procedure easily leads to confusion. Nevertheless, it appears that the defendant's various motions satisfy the 30-day exhaustion requirement at least two ways. First, the defendant's July 6, 2020 letter Motion for Compassionate Release (ECF No. 170) is more than 30 days after he filed his original administrative request for compassionate release submitted to the warden on May 12, 2020. Second, defendant's August 18, 2020 Motion for Reconsideration, which for practical purposes may be construed as a motion for relief, is more than 30 days after both the defendant's original request to the warden for compassionate release on May 12, 2020, and his second request of the same nature to the warden on July 6, 2020.

## CONCLUSION

As set forth in the government's original Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 167), the Court should deny the defendant's Motion for Compassionate Release on the merits. Pursuant to Congress's instructions, the Sentencing Commission adopted a conforming policy statement that creates three requirements for compassionate release under

§ 3582(c)(1)(A). U.S.S.G. § 1B1.13. *First*, a court must conclude that "[e]xtraordinary and compelling reasons warrant the reduction." *Id.* § 1B1.13(1)(A).[1] *Second*, the court must conclude that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). *Third*, the court must conclude that "[t]he reduction is consistent with this policy statement." *Id.* § 1B1.13(3).

As to the *first* requirement, the defendant has not advanced evidence that shows there are actually extraordinary and compelling circumstances justifying compassionate release. The defendant has severe obesity, which puts him at higher risk for contracting a severe form of COVID-19 should he become infected. Defendant states that he has "elevated blood pressure without hypertension," which appears to be well controlled with medication. Defendant also contends that he is "pre-diabetic," which is not listed as a COVID-19 risk factor by the CDC. At bottom, the defendant has failed to make a particularized showing that he is at greater risk. Simply having two conditions that present an elevated risk associated with COVID-19 is insufficient. As several courts have observed, the existence of the present pandemic, without more, is not tantamount to a "'get out of jail free' card."[2]

---

[1] The statement alternatively provides that absent extraordinary and compelling reasons, a court may find that a defendant is at least 70 years old and has served at least 30 years on his conviction. *See* U.S.S.G. § 1B.13(1)(B).

[2] *See, e.g., United States v. Hiller*, 2020 WL 2041673 at *4 (D. Md. April 28, 2020); *United States v. Bolivar*, 2020 WL 1912004 at *4 (D. N.M. April 20, 2020); *United States v. Winchester*, 2020 WL 1515683 at * 12 (M.D. N.C. March 30, 2020)

Regarding the *second* requirement, as asserted in the government's original response, the defendant remains a danger to the community. Given his criminal history, and the nature of his disciplinary violations in the Bureau of Prisons, early release of the defendant is contrary to the guidelines laid out in 18 U.S.C. § 3142(g).

With respect to the *third* requirement, with a projected release date still over eight years away in 2029, early release would not be consistent with the aims of the Sentencing Guidelines. For all these reasons, then, the Court should deny the defendant's motion.

Finally, if this Court were to disagree with the United States' position above, any order that this Court issues that grants a defendant compassionate release should require defendant to undergo a 14-day quarantine that BOP controls before any release.

>    Respectfully submitted,
>
>    RAJ PAREKH
>    ACTING UNITED STATES ATTORNEY

By:   /s/   Brian R. Hood
>    Brian R. Hood
>    Assistant United States Attorneys
>    United States Attorney's Office
>    919 East Main Street, Suite 1900
>    Richmond, VA 23219
>    Telephone: (804) 819-5400
>    Email: brian.hood@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **January 19, 2021**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record.

        Respectfully submitted,

        RAJ PAREKH
        ACTING UNITED STATES ATTORNEY

By:   /s/   Brian R. Hood
        Assistant United States Attorney
        United States Attorney's Office
        919 East Main Street, Suite 1900
        Richmond, VA 23219
        Telephone: (804) 819-5400
        Email: brian.hood@usdoj.gov