IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                    Criminal No. 3:06cr387-02

LAMONT E. MCCORD

## MEMORANDUM OPINION

This matter is before the Court on the defendant's *pro se*
Letter Motion for Reconsideration of Memorandum Order Denying My
Motion For Compassionate Release (ECF No. 176) (the "Motion").
Having considered the Motion, the STATEMENT OF FACTS REGARDING
DEFENDANT'S ADMINISTRATIVE REQUESTS FOR COMPASSIONATE RELEASE (ECF
No. 178), the DEFENDANT'S MEMORANDUM REGARDING EXHAUSTION
REQUIREMENT PURSUANT TO 18 U.S.C. § 3852(c)(1)(A) (ECF No. 180),
the defendant's *pro se* Letter Motion entitled "COVID-19
Compassionate Release Motion Emergency Resumption" (ECF No. 183),
the GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR
RECONSIDERATION OF THE DENIAL OF MOTION FOR COMPASSIONATE RELEASE
AND MOTION FOR EXPEDITED RULING (ECF No. 185), the DEFENDANT'S
REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
FOR RECONSIDERATION OF THE DENIAL OF MOTION FOR COMPASSIONATE
RELEASE AND MOTION FOR EXPEDITED RULING (ECF No. 187), the
DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP
ACT (ECF No. 194), the JOINT STATUS REPORT REGARDING COVID-19

VACCINATION (ECF No. 193), the defendant's letter (ECF No. 196), and the file, the defendant's *pro se* Letter Motion for Reconsideration of Memorandum Order Denying My Motion For Compassionate Release (ECF No. 176) will be granted to the extent that the entitlement to request for compassionate release will be reconsidered and denied to the extent that the Motion (ECF No. 176) seeks compassionate release.

## BACKGROUND

This case has a tortured post-trial and post-trial background which the Court will attempt to summarize below.

The defendant was convicted of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 and 851 (Count One); use of a firearm in furtherance of a drug crime causing death of another, in violation of 18 U.S.C. §§ 924(c), 924(j), and 2 (Count Two); and conspiracy to use or carry a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(o) (Count Three). On December 18, 2007, McCord was sentenced to 540 months total imprisonment to be followed by six years of supervised release with various conditions, general and special. On November 30, 2011, the total term of imprisonment was reduced from 540 months to 324 months. McCord's projected release date is September 6, 2029.

McCord first filed a MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 161) on June 9, 2020. Therein, he claimed to be particularly susceptibility to the effects of COVID-19 because "he is pre-diabetic, has elevated blood pressure without hypertension, and he is obese." (ECF No. 161, p. 26) Following the Government's response (ECF No. 166), McCord wrote the Court (even though he was still represented by counsel) complaining of conditions at the place of his incarceration, FCI Williamsburg. Then on July 6, 2020, McCord, again while still represented by counsel, filed a *pro se* Amendment To Compassionate Release Motion (ECF No. 171). Therein, he complained that he suffered from asthma, sleep apnea and Hepatitis B and that he has degenerative joint disease, osteoarthritis in both knees and hypertension, edema and benign hypertrophy of the prostate.

By ORDER entered on August 7, 2020 (ECF No. 175), the Court denied the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 161) on the ground that the defendant had not shown that he had exhausted the remedies as required by the applicable statute. However, the Court directed that:

> If the defendant has exhausted his
> administrative remedies, he may file a motion
> for reconsideration of this MEMORANDUM ORDER

3

within fourteen (14) days after entry of the
MEMORANDUM ORDER and shall attach thereto
documents demonstrating the asserted
exhaustion.

(ECF No. 175, p. 3).

It is appropriate at this point to note that the defendant filed on May 21, 2020 the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 160). The matter was briefed and ultimately the Court denied the motion by ORDER entered on October 8, 2020 (ECF No. 179). The defendant appealed that ORDER and the United States Court of Appeals for the Fourth Circuit affirmed it on February 23, 2021 (ECF No. 192) and denied McCord's Petition for Rehearing on April 6, 2021 (ECF No. 200). This aspect of the case is pertinent only because, in one of the papers filed by the United States, the United States erroneously argues that the appeal of that entirely separate proceeding somehow deprives the Court of jurisdiction herein. Clearly, counsel for the United States did not study the record and therefore did not realize that the appeal was as to the Motion to Reduce Sentence Pursuant to the First Step Act, not the compassionate release motion. Accordingly, the Court certainly has jurisdiction to consider the proceedings on the compassionate release motion. That is especially appropriate given that, in the ORDER denying the MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE

FIRST STEP ACT (ECF No. 161), the Court permitted the filing of a reconsideration motion, if one was appropriate. (ECF No. 175).

On August 13, 2020, McCord filed the *pro se* Letter Motion for Reconsideration of Memorandum Order Denying My Motion For Compassionate Release (ECF No. 176). Therein, McCord argued that the Court should waive the exhaustion requirement and that following administrative remedies would be futile.

Also, McCord asked that the Court review medical information previously submitted and contended that the conditions that he had were asthma, Hepatitis B, degenerative joint disease, osteoarthritis, obesity, hypertension and that he was on a breathing machine. However, he makes no argument about those medical conditions in his motion for reconsideration. In essence, his motion for reconsideration focuses on the waiver of the exhaustive requirement for which his original MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 161) was denied.

To better understand the administrative record, the Court required the parties to file a statement of facts regarding the defendant's administrative requests to the Warden and otherwise. In response, counsel filed the STATEMENT OF FACTS REGARDING DEFENDANT'S ADMINISTRATIVE REQUESTS FOR COMPASSIONATE RELEASE (ECF

No. 178) in which the record respecting compassionate release was clarified.

Thereafter, the defendant filed the DEFENDANT'S MEMORANDUM REGARDING EXHAUSTION REQUIREMENT PURSUANT TO 18 U.S.C. § 3852(c)(1)(A) (ECF No. 180) explaining how he had met the exhaustion requirements of the applicable statute. Then, the United States filed the GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE DENIAL OF MOTION FOR COMPASSIONATE RELEASE AND MOTION FOR EXPEDITED RULING (ECF No. 185) in which the Government took the position that McCord had satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A).[1]

Unfortunately, as explained above, in that filing (ECF No. 185), the Government argued that the Court had no jurisdiction

---

[1] Because of concerns about whether the defendant had exhausted administrative remedies, the Court ordered (ECF No. 79) briefing on the issue of exhaustion of remedies. Therein, the United States takes the view that there are two nonexclusive ways to exhaust remedies. One is to file a motion with the Warden and exhaust the process through the Bureau of Prisons. The other, according to the United States, is to wait thirty days after filing with the Warden and then file a motion directly with the Court. Although the Court is of the view that the position of the United States is without merit and, indeed, is contrary to the common sense approach manifested in the statute, given that the United States has taken this position, the Court will not further pursue the matter. (See United States v. Bowens, Criminal No. 3:98cr110, Response of the United States to the Court's October 28, 2020 Order (ECF No. 321)).

because the defendant had filed a Notice of Appeal (ECF No. 185, pp. 1-2). As discussed above, the Notice of Appeal related to an entirely different motion (a First Step Act sentence reduction motion) and thus did not deprive the Court of jurisdiction over the compassionate release motion filed under a different section of the statute. Also, in its papers, the Government, in a conclusory fashion, asserted that McCord had not advanced evidence showing that there were actually extraordinary and compelling circumstances justifying compassionate release and therefore he had not made a particularized showing that he is at risk of the consequences of COVID-19. (ECF No. 185, p. 7). Also, the Government asserted that the defendant could not be released because he was a danger to the community and therefore he should not be released because of the provisions of 18 U.S.C. § 3142(g).

Then, there was filed the DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 194). The defendant's papers pointed out that the Court had jurisdiction to determine the compassionate release motion because the appeal that had been filed was related to the sentence reduction under Section 404(b) of the First Step Act. The defendant then went on to argue that, as articulated in his original motion, the defendant had a number of

medical conditions that made him more susceptible to severe COVID-19 symptoms. In sum, the defendant's argument was:

> According to the BOP records submitted with his motion he is <u>pre-diabetic</u>, has <u>elevated blood pressure without hypertension</u>, and he is <u>obese</u> (echoing the reasons offered in the original motion, ECF No. 161). The records also indicate that he has <u>asthma, hypertrophy of his prostate</u>, severe degenerative <u>joint disorder</u> that causes him constant pain, <u>sleep apnea</u> requiring the use of a CPAP machine, and <u>hearing loss</u> in his right ear. He also tested positive for Hepatitis B in January 2020. The BOP is unable to properly care for Mr. McCord and protect him from contracting COVID-19.

To supplement that filing, the parties filed the JOINT STATUS REPORT REGARDING COVID-19 VACCINATION (ECF No. 193). It was reported that McCord is considered to be Priority Level 1 or Priority Level 2 and has not yet been offered the vaccine. Then, the defendant filed the DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 194) wherein it was noted that McCord's father had passed away after taking a vaccination and McCord, therefore, was likely not to accept a vaccination. The paper also said that McCord had sleep apnea and that his CPAP had been taken away from him. Then, in a letter to the Court (ECF No. 196), McCord cited the circumstances concerning his mother and the death of his father. However, he does not indicate that he is not willing to take a vaccine.

It is on these papers that the Court must consider the defendant *pro se* Letter Motion for Reconsideration of Memorandum Order Denying My Motion For Compassionate Release (ECF No. 176).

## DISCUSSION

### A.   The Exhaustion Issue

The United States has taken the view that there are two non-exclusive ways to exhaust remedies.   One is to file a motion with the Warden and to exhaust the process in the Bureau of Prisons. The other, according to the United States, is to wait thirty days after filing with the Warden and then file a motion with the Court. Although the Court is of the view that the position of the United States is without merit and, indeed, is contrary with the common sense approach manifested in the statute, given that the United States has taken this position, the Court will not further pursue the matter and therefore will conclude the exhaustion requirement has been satisfied.   That leaves for decision the merits of McCord's claims for compassionate release.

### B.   Compassionate Release

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction."

It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). <u>United States v. White</u>, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread. <u>United States v. Raia</u>, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, <u>inter alia</u>, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. <u>See</u> <u>United States v. Beck</u>, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The policy statements are not binding but are informative and may be considered. <u>United States v. McCoy</u>, 981 F.3d 271, 276 (4th Cir. 2020). The cases teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." <u>United States v. Ayon-Nunez</u>, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." <u>United States v. White</u>, _____ F. Supp.3d _____, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020) (quoting <u>United States v. Feiling</u>, 453 F. Supp.3d 832, 840 (E.D. Va. 2020)).

### 1. Particularized Susceptibility

The defendant has established that he is obese, that he is considered to be pre-diabetic, and that he has elevated blood pressure without hypertension. The latter two conditions have not been shown to provide a risk of contracting COVID-19 or suffering worse than normal conditions if exposed. Obesity, however, has been listed by the CDC as a potential risk factor. The medical records show that McCord has asthma but not at the level that the CDC has determined to be a risk factor. McCord's other asserted conditions (degenerative joint disease, osteoarthritis) are not identified as increased risk factors. Sleep apnea seems to present a risk.

However, the fact that a defendant has established a higher susceptibility to COVID-19 does not resolve the particularized susceptibility requirement because identified risk factor conditions must be serious to constitute extraordinary and

compelling reasons. It appears that the conditions on which McCord bases his motion are "chronic conditions that can be managed in prison [and thus] are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020). In addition, McCord has not established that his medical needs cannot be met while incarcerated and, indeed, the medical records filed herein outline that he receives regular medical care, adjustment of his medications, and testing related to the chronic health issues.[2]

In sum, McCord has not met the particularized susceptibility risk facet of the applicable test.

## 2. Particularized Facility Risk

Nor has McCord met the particularized facility risk component of the appropriate test. His initial motion cited press releases respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but the record provides no real evidentiary support of a particularized risk of contracting the disease at FCI Williamsburg, the defendant's facility of incarceration. The United States has offered no evidence on the

---

[2] The Court is concerned about the assertion that McCord no longer has access to a CPAP. But, his papers merely make mention of that point. And, that is not enough to carry his burden of proof.

point as if it is unaware of the appliable test.  Nonetheless, the burden is on the defendant and he has not met it.

### 3.  Assessment Under 18 U.S.C. § 3553(a)

But, even if McCord had met the particularized risk assessment and the particularized facility assessment (which he has not), it would be appropriate to deny compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a). Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community.  The defendant argues, in conclusory fashion, that he is not a danger to the community.  That, he says, is largely because he has made efforts to rehabilitate himself by completing 60 classes since his incarceration and is enrolled in other classes.  All of that effort is commendable, but it does not in any way ameliorate the seriousness of the offenses of conviction: heavy drug trafficking, use of firearms in furtherance of drug trafficking, and the killing of another human being.

That the defendant is dangerous is also evidence from his criminal history (a Category VI).  His record includes several drug trafficking offenses and conviction for using and possessing firearms when trafficking drugs.  He has benefitted neither from leniency nor moderate sentences.  He committed the offenses of conviction while under release on another sentence.

The promotion of respect for the law, the need for deterrence and the protection of the public call for the denial of compassionate release.  18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, the defendant's *pro se* Letter Motion for Reconsideration of Memorandum Order Denying My Motion For Compassionate Release (ECF No. 176) will be granted in part so that the exhaustion issue is thus reconsidered; and denied in part so that the motion for compassionate release is denied on its merits.

It is so ORDERED.

_____ /s/   *REP*

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date:  April 30, 2021