IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:06CR387

LAMONT E. McCORD

**MEMORANDUM OPINION**

Lamont E. McCord, a federal inmate proceeding pro se, brings this MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ("§ 2255 Motion," ECF No. 302.)[1] The Government has responded, asserting, inter alia, that McCord's claims are procedurally defaulted. (ECF No. 308.) McCord, in turn, filed PETITIONER'S RESPONSE TO UNITED STATES OPPOSITION TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 ("Response," ECF No. 311). For the reasons set forth below, the § 2255 Motion will be denied.

**I. PROCEDURAL HISTORY**

On January 16, 2007, McCord was charged in a Superseding Indictment with: conspiracy to distribute a mixture and a substance containing a detectable amount of cocaine hydrochloride,

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from McCord's submissions. The Court removes the emphasis from McCord's quotations.

a mixture and a substance containing a detectable amount of heroin, and fifty grams or more of a mixture and a substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C); 841(b)(1)(A)(iii) and 846 (Count One); use and carry of a firearm during a drug trafficking crime, to wit the crime charged in Count One, which caused the death of another, in violation of 18 U.S.C. §§ 924(c), 924(j) and 2 (Count Two);[2] and, conspiracy to use and carry firearms during and in relation to the drug trafficking crime charged in Count One, in violation of 18 U.S.C. § 924(o) (Count Three). (ECF No. 18, at 1-3.) On September 24, 2007, McCord entered into a Plea Agreement and pled guilty to Counts One, Two, and Three. (ECF No. 68, at 1-2.)

On December 18, 2007, the Court sentenced McCord to 360 months of imprisonment on Count One to be served concurrently with the sentence of 240 months of imprisonment imposed on Count Three.[3] (ECF No. 79.) The Court also sentenced McCord to 180 months of

---

[2] Count Two is based on the fact that McCord was paid by coconspirator, Megel M. Morris, to murder Michael B. Simmons with a firearm over a drug dispute. (ECF No. 69, at 1-2.)

[3] "[A] conviction for conspiracy under § 924(o) is not subject to either the consecutive sentence requirement or the mandatory minimum scheme established in § 924(c)." United States v. Bran, 963 F. Supp. 2d 486, 496 (E.D. Va. 2013), aff'd, 776 F.3d 276 (4th Cir. 2015) (citing United States v. Mays, 285 F. App'x. 269, 275 (6th Cir. 2008)).

imprisonment on Count Two, with such sentence to be served consecutively to the sentences imposed on Counts One and Three. (Id.)  McCord did not appeal.

On June 12, 2024, McCord mailed his § 2255 Motion to this Court.  (ECF No. 302, at 13.)  The Court deems the § 2255 Motion filed as of that date.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  In his § 2255 Motion, McCord contends that he is entitled to relief on the following grounds:[4]

| | |
|---|---|
| Claim One | "Intervening Supreme Court precedent United States v. Davis, 139 S. Ct. 2319 . . . . I was charged and sentenced for use of a firearm to cause death for the killing of Simmons in violation of 18 U.S.C. § 2 and 924(j) both in relation to a crime of violence and conspiracy to commit murder and the drug conspiracy."  (ECF No. 302, at 4.) |
| Claim Two | "924(j) has no consecutive sentence mandate.  The district court at sentencing concluded that it lacked discretion to run my 924(j) conviction concurrent along with the drug conspiracy conviction in Count One (1)."  (Id. at 5.) |
| Claim Three | "Cumulative punishments for 924(c) and 924(j) convictions based on the same conduct is prohibited.  Intervening Supreme Court precedent. I was sentenced for 924(c), 924(j) and 2 in one count, Count Two.  The Court jumped to subsection (c) applied 10-year sentence for discharging the firearm, then jumped back to subsection (j) added 5-year penalty there, then jumped back to subsection (c) and imposed the consecutive sentence |

---

[4] Deciphering McCord's claims requires reference to some of the cases McCord cites in his submissions.  The next section provides that background and dismisses Claims One and Three for lack of merit.

3

|  |  |
|---|---|
|  | mandate listed in that subsection. Nothing in subsection (j) calls for such calisthenics." (<u>Id.</u> at 7.) |
| Claim Four | "924(j) convictions is not subject to the mandatory minimum penalties specified in 924(c). I was not indicted for discharging a firearm. I was charged with use of during in relation to." (<u>Id.</u> at 8.) |

The Government responds that Claim One is barred by the relevant statute of limitations. Additionally, the Government asserts that Claims Two, Three, and Four are procedurally defaulted. As explained below, Claims One and Three will be dismissed for lack of merit. Additionally, Claims Two, Three, and Four will be dismissed as procedurally defaulted.[5] Finally, Claims McCord attempts to raise in his Response will be denied as untimely.

## II. INTRODUCTION TO McCORD'S CLAIMS

Given the opaque nature of McCord's claims, it is appropriate to briefly review the cases that he suggests entitle him to relief.

### A. Claim One

In Claim One, McCord asserts:

> Intervening Supreme Court precedent <u>United States v. Davis</u>, 139 S. Ct. 2319 . . . . I was charged and sentenced for use of a firearm to cause death for the killing of

---

[5] Given the confusing nature what legal error McCord attempts to raise in Claim Three, out of an abundance of caution, the Court dismisses that claim both as procedurally defaulted and for lack of merit.

4

>  Simmons in violation of 18 U.S.C. § 2 and 924(j) both in relation to a crime of violence and conspiracy to commit murder and the drug conspiracy.

(ECF No. 302, at 4.) McCord seems to suggest that his § 924 convictions (Counts Two and Three) are no longer valid in the wake of <u>United States v. Davis</u>, 588 U.S. 445 (2019). As explained below, he is wrong.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence **or a drug trafficking crime**. 18 U.S.C. § 924(c)(1)(A).[6] At the time of McCord's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

---

[6] The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. <u>Id.</u> § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. <u>Id.</u> § 924(c)(1)(A)(iii).

Id. § 924(c)(3). In United States v. Davis, 588 U.S. 445 (2019), the Supreme Court held that the Residual Clause, "[18 U.S.C.] § 924(c)(3)(B) is unconstitutionally vague". Id. at 470.

All of this is immaterial to McCord because his § 924 convictions were based not on a crime of violence, but on the drug trafficking crime charged in Count One. United States v. Crawley, 2 F.4th 257, 263 (4th Cir. 2021) (holding "that a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following" Davis and other cases). Conspiracy to distribute a mixture and a substance containing a detectable amount of cocaine hydrochloride, a mixture and a substance containing a detectable amount of heroin, and fifty grams or more of a mixture and a substance containing a detectable amount of cocaine base, remains a valid predicate for a § 924 conviction. See United States v. Briscoe, 101 F.4th 282, 301 (4th Cir.), cert. denied, 145 S. Ct. 382 (2024). Accordingly, Claim One lacks merit and will be dismissed.

**B.   Claim Three**

In Claim Three, McCord contends that "[c]umulative punishments for 924(c) and 924(j) convictions based on the same conduct is prohibited" (ECF No. 302, at 7), and violates the Double Jeopardy Clause (ECF No. 311, at 8). Relevant to that claim,

6

McCord directs the Court to the Fourth Circuit's decision in United States v. Palacios, 982 F.3d 920 (4th Cir. 2020). (ECF No. 311, at 10.) In Palacios the Fourth Circuit stated:

> The parties agree that § 924(c) is a lesser-included offense of § 924(j). The Government has not suggested that Congress intended to authorize cumulative punishments for convictions under these two statutes. And we can find no evidence of such congressional intent. Indeed, in a number of cases before appellate courts since at least 2014, the Government has argued or conceded, that the imposition of punishments for such convictions would violate the Double Jeopardy Clause. See, e.g., United States v. Gonzales, 841 F.3d 339, 355 (5th Cir. 2016); United States v. Wilson, 579 F. App'x 338, 348 (6th Cir. 2014); United States v. Ablett, 567 F. App'x 490, 491 (9th Cir. 2014). For these reasons, we have no trouble in now joining these circuits in holding that the Double Jeopardy Clause prohibits imposition of cumulative punishments for § 924(c) and § 924(j) convictions based on the same conduct.

Palacios, 982 F.3d at 924-25 (footnote omitted).

All of this is immaterial to McCord. McCord only received a sentence under 18 U.S.C. § 924(j). He was not convicted and sentenced for a separate offense under 18 U.S.C. § 924(c). Accordingly, McCord's double jeopardy challenge lacks merit and Claim Three will be dismissed.[7]

---

[7] In his initial statement of Claim Three, McCord paraphrases the Supreme Court's decision in Lora v. United States, 599 U.S. 453 (2023). See id. at 460 ("But nothing in subsection (j) calls for such calisthenics."). To the extent that McCord seeks to raise a challenge to the consecutive sentence imposed for Count Two, that claim, like Claims Two and Four is procedurally defaulted.

### C. Claims Two and Four

In Claims Two and Four, McCord challenges how his sentence was imposed on Count Two, the § 924(j) conviction for the use of a firearm to murder Simmons. Specifically, in Claim Two, McCord contends that the Court failed to recognize that it could run the § 924(j) sentence concurrent with the sentence imposed for conspiracy to distribute drugs imposed in Count One. Relatedly, in Claim Four, McCord contends that the Court labored under the misconception that, pursuant to 18 U.S.C. § 924(c), it had to impose a mandatory minimum sentence.

Relevant to these claims, this Court previously noted:

> [T]he same reasoning that persuades the Court that Congress intended the consecutive sentence mandate to apply to § 924(j) compels the Court to conclude that § 924(j) also incorporates the mandatory minimum scheme set forth by § 924(c)(1)(A)(i-iii). This is because "[s]ection 924(j) is the penalty provision for individuals who aggravate their § 924(c) offense by killing someone with a firearm in the course of committing a § 924(c) offense." [United States v.] Hatten, [No. 06-4240,] 2007 WL 1977663, at *2 [4th Cir. July 5, 2007)]. And, of course, a defendant is "subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." Abbott v. United States, --- U.S. ----, 131 S. Ct. 18, 23, 178 L.Ed.2d 348 (2010) (emphasis added). The constituent elements of a § 924(j) offense are a § 924(c) offense plus the death of another. [United States v.] Robinson, 275 F.3d [371,] 378 [(4th Cir. 2001)]. Thus it follows that, upon the appropriate finding by the jury, a defendant is subjected to the appropriate mandatory minimum sentenced

8

> as set forth in 18 U.S.C. § 924(c)(1)(A)(i-iii) for the constituent § 924(c) offense. This conclusion is compelled by Congress's explicit reference to § 924(c) in the text of § 924(j).

United States v. Bran, 963 F. Supp. 2d 486, 495-96 (E.D. Va. 2013) (second alteration in original), aff'd, 776 F.3d 276 (4th Cir. 2015).

However, in Lora v. United States, 599 U.S. 453 (2023), the Supreme Court rejected the conclusion that a sentence pursuant to 18 U.S.C. § 924(j) incorporated § 924(c)'s requirement for mandatory, consecutive sentences. Id. at 459. The Supreme Court stated that "a defendant who is sentenced under subsection (j) does not receive a 'term of imprisonment imposed . . . under [subsection (c)].' Consequently, § 924(c)(1)(D)(ii)'s consecutive-sentence mandate does not apply." Id. at 459 (alteration in original).[8]

---

[8] In Lora,

> the defendant was convicted of "aiding and abetting a violation of § 924(j)(1)" and also of "conspiring to distribute drugs, in violation of 21 U.S.C. §§ 841 and 846." The district court held that it lacked discretion to impose the defendant's § 924(j)(1) sentence to run concurrently with the sentence imposed for the drug conspiracy conviction. The Supreme Court held the district court erred in this regard, explaining that "[b]ecause the consecutive-sentence mandate in § 924(c)(1)(D)(ii) does not govern § 924(j) sentences, the District Court had discretion to impose Lora's § 924(j) sentence concurrently with another sentence."

9

The Supreme Court also rejected the notion that a § 924(j) conviction incorporated the mandatory minimum sentences applicable for firearm crimes set forth in § 924(c). The Court stated:

> Subsection (j), by contrast, generally eschews mandatory penalties in favor of sentencing flexibility. Unlike subsection (c), subsection (j) contains no mandatory minimums. Even for murder, subsection (j) expressly permits a sentence of "any term of years." § 924(j)(1) (emphasis added). This follows the same pattern as several other provisions enacted alongside subsection (j) in the Federal Death Penalty Act of 1994, 108 Stat. 1959. In those provisions, as in § 924(j)(1), Congress authorized the death penalty, but also a flexible range of lesser sentences for "any term of years," with no mandatory minimum or consecutive-sentence mandate.

Id. at 462 (footnote omitted).

Nevertheless, as explained below, Claims Two and Four are procedurally defaulted.

### III.  PROCEDURAL DEFAULT

"In order to proceed on a § 2255 motion 'based on trial errors to which no contemporaneous objection was made, a convicted

---

> The Supreme Court stated specifically "that subsection (j) permits flexibility to choose between concurrent and consecutive sentences."

United States v. Sanders, 133 F.4th 341, 371 (5th Cir. 2025) (alteration in original) (footnotes omitted) (quoting Lora, 599 U.S. at 463).

defendant must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains.'" United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994) (quoting United States v. Frady, 456 U.S. 152, 167-68 (1982)). In order to establish cause, the defendant must demonstrate that something "external to the defense" prevented him from raising the issue at trial and on direct appeal. United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citation omitted).[9] Here, McCord has defaulted Claims Two and Four by failing to raise them at trial and on direct appeal. McCord fails to advance any basis for excusing his default.[10]

However, on the standard § 28 U.S.C. § 2255, paragraph 18 states, "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as

---

[9] "Objective factors that may constitute cause include: (1) interference by officials that makes compliance with the State's procedural rule impracticable (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel." Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (internal citations and quotation marks omitted).

[10] The Court need not consider the issue of cause and prejudice because McCord does not attempt to show cause and prejudice. See Gilbert v. Moore, 134 F.3d 642, 656 n.10 (4th Cir. 1998) (citing Kornahrens v. Evatt, 66 F.3d 1350, 1361-62 (4th Cir. 1995)).

contained in 28 U.S.C. does not bar your motion." (ECF No. 302, at 12.) In response, McCord stated:

> (1) The Supreme Court held that section 924(c)(1)(D)(ii)'s bar on concurrent sentences does not govern a sentence for a 924(j) conviction. Lora v. United States, 599 U.S. 455, 458, 143 S. Ct. 1713, 216 L. Ed. 2d 400 (2023). This did not exist when I was sentenced in 2007.
> (2) The Supreme Court ruling that you don't receive a sentence under 924(c) and 924(j).
> (3) 4TH Circuit precedent that held that a sentencing court may not impose cumulative punishments for 924(c) and 924(j) if those violations are based on the same conduct was not held until years after I was sentenced. United States v. Juan Alberto Ortiz-Orellana, United States Court of Appeals for the Fourth Circuit 90 F.4th 689 . . .; United States v. Palacios, 982 F.3d 920, 924-925 (4th Cir. 2020); (4) My attorney never contacted me about an appeal; (5) Double Jeopardy, 4th Circuit precedent was established years after I was sentenced.

(ECF No. 302, at 12.) The Government apparently reads this as McCord asserting that the novelty of his claims constitutes cause excusing his default. (ECF No. 308, at 6-7.)

A change in the law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" Bousley, 523 U.S. at 622 (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).[11] In Bousley,

---

[11] In Reed, the Court identified three nonexclusive situations in which an attorney may lack a "reasonable basis" to raise a novel claim:
> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may

the Supreme Court noted that "[w]here the basis of a . . . claim is available, and other defense counsel have perceived and litigated that claim," the claim is not novel. Id. at 623 n.2 (alteration in original) (citation omitted). In this regard, the Supreme Court reaffirmed that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Id. at 623 (quoting Engle v. Isaac, 456 U.S. 107, 130 n. 35 (1982)). In sum "a claim is not 'novel' where a prisoner could (or where other prisoners did in fact) raise it at time X." United States v. Vargas-Soto, 35 F.4th 979, 994 (5th Cir. 2022) (citing Anderson v. Kelley, 938 F.3d 949, 962 (8th Cir. 2019); Gatewood v. United States, 979 F.3d 391, 395 (6th Cir. 2020); Granda v. United States, 990 F.3d 1272, 1287 (11th Cir. 2021)).

Here, at the time of McCord's sentencing in 2007, multiple courts had grappled with whether a conviction under 18 U.S.C.

---

"overtur[n] a longstanding and widespread practice to which this Court has not spoken, but which a near unanimous body of lower court authority has expressly approved." And, finally, a decision may "disapprov[e] a practice this Court arguably has sanctioned in prior cases."
Reed, 468 U.S. at 17 (alterations in original) (internal citations omitted) (quoting United States v. Johnson, 457 U.S. 537, 551 (1982)).

924(j) required a mandatory, consecutive sentence. See, e.g., United States v. Battle, 289 F.3d 661, 665 (10th Cir. 2002) ("We must resolve the question whether Congress mandated consecutive sentences where the death of a person occurs through the use of a firearm during the commission of a violent crime."), overruled by United States v. Melgar-Cabrera, 892 F.3d 1053 (10th Cir. 2018); United States v. Allen, 247 F.3d 741, 769 (8th Cir. 2001) ("Although § 924(j) does not explicitly contain the same express mandatory cumulative punishment language as found in § 924(c), it incorporates § 924(c) by reference without disclaiming the cumulative punishment scheme which is so clearly set out in § 924(c)."), vacated on other grounds, 536 U.S. 953 (2002). Therefore, McCord fails to establish that the arguments he raises with respect to Claims Two, Three, and Four are novel and constitute cause to excuse his default. Claims Two, Three, and Four will be dismissed.

## IV. McCORD'S RESPONSE

In his Response, McCord states, "I would like to expand the record under Rule 7 Federal Court Rules to include ineffective [assistance of] counsel." (ECF No. 311, at 2.) McCord, however, does not list his proposed amended claims. Instead, McCord

provides a disjointed narrative of his dissatisfaction with counsel. For example, McCord states in part:

> My attorneys never contacted me about filing an appeal violating my Sixth Amendment rights to effective counsel. My attorneys failed to even investigate the charges I faced even after I brought to their attention that I was incarcerated from 1994-2001 so that it was impossible for me to start a conspiracy with anyone from January 1999-January 2003. I asked my attorney, Mr. Everhart, why he never discussed nor contacted me about an appeal and he said "I didn't need to discuss an appeal with you because you had no appeal issues", but he never even filled for an <u>Anders</u> brief.
> (2) My attorney did not object to use of immunized information being used to enhance my sentence and 1B1.8 information used to enhance my guidelines. . . .

(<u>Id.</u> at 6.) In any event, it is unnecessary to attempt to decipher and delineate each of McCord's claims for ineffective assistance of counsel because, as explained below, all such claims are barred by the relevant statute of limitations. See <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000) (observing that leave to amend is appropriately denied where the amendment would be futile be).

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

15

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because McCord did not appeal, under 28 U.S.C. § 2255(f)(1), his convictions became final on Monday, December 31, 2007, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, McCord had until December 31, 2008 to file any motion under 28 U.S.C. § 2255. Because McCord did not file his § 2255 Motion until June 12, 2024, the § 2255 Motion is untimely pursuant to 28 U.S.C. § 2255(f)(1). Furthermore, McCord did not

16

file his Response, containing his proposed amended claims, until October 7, 2024. Thus, any proposed claim of ineffective assistance of counsel is barred by the relevant statute of limitations. McCord's request to amend (ECF No. 311) will be denied.

### V.   CONCLUSION

McCord's claims will be dismissed. McCord's § 2255 Motion (ECF No. 302) will be denied. McCord's request to amend (ECF No. 311) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to McCord and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 9, 2025